No. 937

First Circuit

—··—

## McCULLOUGH v. BILLEAUD

———

(March 8, 1932. Opinion and Decree.)

———

Porteous R. Burke and Jacob S. Landry, of New Iberia, attorneys for plaintiff, appellee.

J. C. Hollingsworth, of New Orleans, Mouton, DeBaillon & Davidson, of Lafayette, attorneys for defendant, appellant.

ELLIOTT, J. Earl McCullough, while driving his automobile on the highway going from Lafayette to New Iberia on the night of January 2, 1931, was struck by an automobile driven by Charles Billeaud, receiving in the collision serious and painful injuries, and his automobile was practically destroyed. He brought suit against Billeaud alleging his injuries and the loss of his automobile, as the result of the negligence of said Billeaud in driving on the highway, claiming of him $8,500 as damages on said account.

Billeaud, defendant, denies the negligence alleged against him; denies that he was negligent in any way; and avers that he was in no way responsible for the collision. He alleges alternatively, and in case the court holds that he was negligent, that the plaintiff was also negligent, and that plaintiff's negligence served to bring about the collision.

Denying, however, that he was at any fault, and averring that plaintiff was at fault for the collision, and that as the result of plaintiff's negligence he sustained personal injuries, mental shock, and suffering to the extent of $1,000, and that his automobile was damaged to the extent of $94. He prays that plaintiff's demand be rejected, and that he have judgment in reconvention against him for $1,094.

There was judgment in the lower court in favor of the plaintiff for $3,620.95. Defendant's demand in reconvention was rejected. Defendant has appealed.

Plaintiff-appellee, answering the appeal, alleges that the amount allowed him in the lower court is not sufficient, and prays that it be increased to the amount claimed in his petition.

The evidence shows that Earl McCullough was driving eastward in his automobile on the highway from Lafayette to New Iberia on January 2, 1931. The hour is not definitely fixed by the testimony, but it was about 6 o'clock p. m. and dark. The plaintiff alleges that he was on the right-hand side of the highway going eastward, the direction in which he was going; that as he went forward his attention was at-

tracted by four headlights showing ahead of him in the highway, which indicated two cars coming toward him, seemingly side by side, and distant about 100 or 150 yards ahead. As the on-coming automobiles appeared to take up most of the highway, the pavement of which was about 18 feet wide, he testifies that he reduced his speed to between 3 and 5 miles an hour, and swerved to his right so far that the right wheels of his automobile went out on the shoulder of the road, his left, remaining on the pavement; that he thus went forward slowly until the automobile in his front, which was on the west side of the other on-coming car, passed the other one and swerved back to the right-hand side of the road in the direction it was going, which was west, and passed him in safety. But the other automobile following the one that passed him swerved as it came near him to the left side of the highway, which was the wrong side in the direction it was going, striking his automobile, inflicting on him serious personal injuries, causing him severe pain and suffering, and practically destroyed his automobile.

The defendant, corroborated by C. W. Byrd, testifies that he was driving at about 35 miles an hour on the right-hand side of the highway in the direction he was going; that an automobile passed him, and almost immediately thereafter he was struck by plaintiff's car. According to defendant and Byrd, in order for the collision to have occurred, it was necessary for plaintiff to have been driving on the wrong side of the road in the direction he was going. So the determination of the case depends upon questions of fact and the credibility of witnesses.

The plaintiff is supported in his version as to his speed and as to the side of the road on which he was driving at the time of the collision by Gaston Mestayer, deputy sheriff, and Frank David, a highway policeman.

Defendant, after the collision, proceeded on to Lafayette, but soon after getting there he returned to New Iberia and called on the sheriff, informing him that a collision had occurred, and requesting that some one be sent to the scene to look it over and determine how it had happened. The sheriff sent his deputy Mestayer, with the defendant, and they together inspected the place where the collision had occurred. At the time of the inspection, the marks made by the wheels of the automobile and the debris resulting from the collision were fresh on the ground, and the position of the cars at the time of the collision could be definitely traced. These marks, according to Mr. Mestayer, showed that defendant's car at the time of the collision was on the left-hand side of the center of the road in the direction he was going at the moment of the impact; that it had swerved to that side, as claimed by the plaintiff; that plaintiff's car, at the moment of the impact, was on the right side of the center of the highway in the direction he was going, strongly corroborating the plaintiff.

Mr. David, highway policeman, driving closely behind Mr. Mestayer, also examined the ground while the marks made by the wheels of the respective cars could be plainly seen on the ground, and he likewise corroborates the testimony of the plaintiff. According to him, the defendant swerved his car to the left-hand side in the direction he was going, and was on the left-hand side of the center of the highway at the moment of the impact, and that plaintiff's car was at the same time on the right side of the center of the highway, in the direction he was going, and had been for about three car lengths.

The preponderance of the evidence and also the strongest showing is to the effect that the defendant was at fault for the collision in the way stated, and is therefore and for that reason responsible for the collision, for the injuries sustained and the suffering endured by plaintiff and the loss of his automobile. The force of the impact was terrific, and it indicates that defendant was driving recklessly and faster than he claims. The finding of the lower court that defendant was responsible for the collision and for the resulting consequences was correct.

As for plaintiff's answer to defendant's appeal, praying that the amount of damage allowed by the court be increased, the evidence does not justify increasing the amount. The prayer of the plaintiff in that respect will be refused.

Defendant contends that the amount allowed in the lower court is excessive, and should be reduced. It is our conclusion from the evidence that defendant's complaint in that respect is well founded. The amount allowed in the lower court on account of physical and mental suffering is, in our opinion, excessive, and should be reduced. The lower court allowed $2,000 on that account. It seems to us that $1,200 is the proper amount to allow under that item. The other items allowed, $1,000 on account of physical injuries, including the disfigurement of plaintiff's ear, $170 on account of his medical expenses, $250 on account of his loss of time, and $200 on account of damage to his automobile, are correct, and will not be disturbed.

For the reasons stated, the judgment appealed from will be reduced from $3,620 to $2,820.95, and, as thus amended and corrected, the judgment appealed from is affirmed; defendant and appellant to pay the cost in both courts.